

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SA:TH
F. #2016R00569

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 25, 2017

By ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Franklin Gillespie
                   Criminal Docket No. 16-252 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in advance of the defendant's sentencing, scheduled for May 9, 2017 at 11 a.m. On September 27, 2016, the defendant pleaded guilty to Count One of a two-count indictment, charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). For the reasons stated below, the government recommends a sentence of 46 months' imprisonment, which is the top of the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range.

    I.    Background

      The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR") prepared by the United States Probation Department on December 65, 2016, to which the government has no objection.

      In brief, at 7:50 p.m. on March 18, 2016, the defendant confronted two New York Police Department ("NPYD") officers and a sergeant in plainclothes with a loaded gun on Troy Avenue in Brooklyn, New York. After an officer identified himself and told the defendant to drop the gun, the defendant fled north on Troy Avenue, dropping a .25 caliber semiautomatic pistol. The location where the defendant initially pulled out a handgun is fewer than 600 feet away from Public School 243.

II.     Guidelines Calculation

The PSR and the plea agreement calculated the Guidelines as set forth below, which the Government submits is the appropriate Guidelines analysis:

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2K2.1(a)(2)) | 20 |
| Less: Acceptance of Responsibility (§ 3E1.1(a) and (b)) | -3 |
| Total: | 17 |

(PSR ¶¶ 9-18).  The total offense level is 17, which carries an advisory Guidelines range of 37 to 46 months' imprisonment, given that the defendant falls within Criminal History Category IV.  (Id. ¶ 66).

III.    The Appropriate Sentence

The government respectfully submits that the sentencing factors outlined in 18 U.S.C. § 3553(a) support a sentence at the top of the advisory Guidelines range.

This is the defendant's second conviction in this Court for being a felon-in-possession.  In April 2011, NYPD officers on patrol in the vicinity of Troy Avenue and Pacific Street in Brooklyn, New York, observed the defendant racking the slide of a semi-automatic handgun.  After being chased by police officers, the defendant threw the firearm out of the second or third floor window and was subsequently arrested.  (Id. ¶ 24).  The defendant pleaded guilty and this Court sentenced the defendant to 41 months' custody.

Despite a prior conviction for the same offense, in addition to prior felony convictions for attempted robbery in the second degree and assault in the third degree, the defendant was not deterred from possessing a loaded weapon and confronting NYPD officers with it.  By his actions, the defendant has demonstrated that he continues to pose a danger to the community.  The defendant committed this serious crime while on supervised release for his prior felon-in-possession conviction.[1]  Moreover, he did so after seeking leniency at sentencing from this Court in 2013 by submitting a letter claiming to profess remorse for his actions and that he was "not into that any longer" and that the "chapter in [his] life ha[d] been closed."  See Def.'s Letter, 11-CR-371 (KAM), ECF Docket No. 32-1, at 2-3.  The defendant's conduct evinces a disrespect for the law, this Court, and a lack of interest in genuine rehabilitation.

---

[1]     Also before the Court are the charges filed by the United States Probation Department against the defendant in United States v. Franklin Gillespie, Criminal Docket No. 11-371 (KAM), which charges the defendant with violations of his supervised release based on the same conduct to which the defendant has now pleaded guilty.

2

Without a meaningful and substantial penal consequence for the illegal possession of firearms and ammunition, there is limited incentive for individuals to refrain from carrying and using them. This circumstances of this crime, in particular, warrant serious sanction. Accordingly, the government respectfully submits that a sentence at the top of the Guidelines range would reflect the seriousness of the defendant's conduct and the need to provide adequate deterrence to future criminal conduct. See 18 U.S.C. § 3553(a)(1), (a)(2).

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 46 months' imprisonment, at the top of the applicable Guidelines range.

        Respectfully submitted,

        BRIDGET M. ROHDE
        Acting United States Attorney

By:  /s/ Tanya Hajjar
     Tanya Hajjar
     Assistant U.S. Attorney
     (718) 254-6109

cc: Clerk of the Court (KAM) (by ECF)
    Kannan Sundaram, Esq. (by ECF and email)
    Jaime L. Turton, Probation Department (by email)